IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KENNETH RAY PITTS**                                                                                   **PLAINTIFF**
**ADC #085938**

v.                                    No: 2:24-cv-00021-BSM-PSH

**GARY KERSTEIN,** *et al.*                                                                          **DEFENDANTS**

### ORDER

Plaintiff Kenneth Ray Pitts initiated this lawsuit by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 7, 2024 (Doc. No. 2). His claims against Dr. Gary Kerstein, APN Tracy Bennett, and Charlotte Gardner (the "Defendants") related to their treatment of his diabetes and cataracts are pending. *See* Doc. Nos. 5 & 20. Pitts has filed a number of motions which are denied for the reasons stated below.

Pitts' motion for a mental and/or medical examination pursuant to Federal Rule of Civil Procedure 35 (Doc. No. 46) is DENIED. No such examination is warranted at this time. If Pitts believes he is need of immediate medical treatment he is not receiving, he may move for preliminary relief by filing an appropriate motion.[1] *See* Local Rule 7.2(e), Local Rules of the United States District Court for

---

[1] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995). In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of

the Eastern and Western Districts of Arkansas ("Pretrial motions for temporary restraining orders, motions for preliminary injunctions, and motions to dismiss, shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief.").

Pitts' motion for findings and conclusions by the Court and for judgment on partial findings pursuant to Federal Rule of Civil Procedure 52 (Doc. No. 47) is DENIED. It is not clear why Pitts filed this motion or what relief he seeks. To the extent he seeks an order declaring that the Defendants violated his rights, his motion is premature and unsupported with proof. Whether or not Pitts' rights have been violated will not be determined in this case until dispositive motions are filed and decided,[2] or a trial is held.

IT IS SO ORDERED this 10th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 519-521 (citing *Modern Computer Systems v. Modern Banking Systems,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc)).

[2] If dispositive motions are filed, I will enter a recommendation regarding such motion with proposed findings of fact and conclusions of law. Judge Miller will then either adopt or decline to adopt my recommendation.