IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KENNETH RAY PITTS**                                                                **PLAINTIFF**
**ADC #085938**

v.                                    No: 2:24-cv-00021-BSM-PSH

**GARY KERSTEIN,** *et al.*                                                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Kenneth Ray Pitts, an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, initiated this lawsuit by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 7, 2024 (Doc. No. 2). Although

Pitts is a three-striker under the Prison Litigation Reform Act (PLRA),[1] the Court found that his complaint allegations met the imminent danger exception to the three-strikes rule and granted his motion to proceed *in forma pauperis* (IFP).[2] *See* Doc. No. 4. The Court ordered service of Pitts' complaint on Dr. Gary Kerstein, APN Tracy Bennett, and Charlotte Gardner (the "Defendants") based on his allegation that they were not adequately treating his diabetes and cataracts. *See* Doc. Nos. 5-6 & 20.

On June 3, 2024, Pitts filed a motion requesting medical treatment (Doc. No. 54). Pitts alleged that he was not being treated for diabetes, cataracts, and other medical issues not at issue in this case.[3] The Court construed his motion as a motion seeking preliminary injunctive relief and directed the Defendants to respond. *See*

---

[1] *See Pitts v. Moore, et al.,* No. 4:06-cv-1305-JLH (E.D. Ark. Sept. 22, 2016) (order dismissing action for failure to state a claim); *Pitts v. Johnson*, No. 5:99-cv-71-JMM (E.D. Ark. May 11, 1999) (order dismissing action for failure to state a claim); *Pitts v. Brownlee, et al.,* No. 5:99-cv-178-HW (E.D. Ark. Sept. 7, 1999) (order dismissing action for failure to state a claim).

[2] Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added).

[3] Pitts made no allegations concerning a hernia in his complaint (Doc. No. 2).

Doc. No. 58.  The Defendants filed a response (Doc. No. 60) and provided the Court with relevant medical records showing that Pitts does not have diabetes, had normal blood sugar in March of 2023, and refused blood work in March of this year.  *See* Doc. Nos. 60-1 – 60-3.  Defendants stated that Pitts has been referred to optometry for his cataracts.[4]  Doc. No. 60 at 3. And according to his medical records, he has been prescribed artificial tears for his dry eyes, and he noted no changes to his vision at an April appointment this year.  *See* Doc. No. 60-5; Doc. No. 60-6 at 2.

Because the evidence provided by the Defendants indicated that Pitts is not in imminent danger of any serious physical injury, the Court ordered Pitts to show cause why his IFP status should not be revoked and his complaint dismissed unless he paid the $405 filing and administrative fee in full.  *See* Doc. No. 66.  Pitts was directed to provide a response to the Court's Order to Show Cause within 30 days with evidence to support his allegations that he has diabetes and/or cataracts or other vision issues that have not been treated by Defendants.  *Id.* Although he subsequently filed several pleadings, he did not address the Court's Order to Show Cause and did not provide any specific allegations or evidence concerning his blood sugar or eye

---

[4] The Court previously noted that even if Pitts has cataracts, as he alleges, the failure to treat cataracts immediately would not necessarily lead to any physical harm.  This Court has previously determined that Pitts' allegation that his cataracts could cause blindness "like what happened to Ray Charles in the movie 'Ray'" did not satisfy the imminent danger exception to the three-strikes rule.  *See Pitts v. Newby, et al.,* Case No. 4-21-cv-255-BSM-JTR, Doc. No. 3.

conditions. Accordingly, on August 19, 2024, the Court found that Pitts was not in imminent danger of serious physical injury at the time he filed his complaint, and therefore vacated and set aside the order granting Pitts' motion to proceed IFP. Doc. No. 76. The Court gave Pitts 30 days to pay the $405 filing and administrative fees to proceed with this case. *Id.* He was warned that if he did not do so, his case would be recommended for dismissal, without prejudice. *Id.*

## II. Recent Motions

Since the Court's August 19, 2024 Order setting aside Pitts' IFP status, Pitts has not paid the $405 filing and administrative fees. He has, however, filed seven motions (Doc. Nos. 77-82, 84) and one page from a September 2023 grievance (Doc. No. 83). The Court briefly addresses those motions, although none address his claim of imminent danger due to diabetes or cataracts.

First, Pitts filed a motion describing his history of a hernia and complaints regarding a current lack of treatment for that hernia (Doc. No. 77). The Court has noted previously that Pitts made no allegations concerning a hernia in his complaint (Doc. No. 2), and no such claim is pending in this case. He has attempted to raise the hernia claim in several motions, but has not filed a proposed amended complaint including this claim. *See* Doc. Nos. 73 & 76.

Second, Pitts filed a motion addressing certain medical restrictions he had in 2021 and generally describing cases concerning medical treatment (Doc. No. 78).

He generally objects to the decisions made by the Defendants, the Magistrate Judge, and the Circuit Judge. It is not clear what relief Pitts seeks in this motion.

Third, Pitts filed a motion objecting to the August 19, 2024 order (Doc. No. 79). Pitts states that the Court erred in revoking his IFP status without allowing him the opportunity to file an amended complaint. *Id.* at 12-13. He also cites a number of cases with no description of how they relate to his case. The Court notes that Pitts has filed four motions to amend his complaint (Doc. Nos. 11, 15, 68 & 73), and the Court denied each motion explaining to Pitts that in order to amend, he must attach a copy of a proposed amended complaint and describe how he wishes to amend his complaint. *See* Doc. Nos. 11, 15, 68 & 73. He has never done so.

Fourth, Pitts filed another motion to amend his complaint (Doc. No. 80), but once again, did not attach a copy of a proposed amended complaint or describe how he wishes to amend his complaint. Instead, he complains about a medical restriction he had in 2006 that was later removed.

Fifth, Pitts filed a motion discussing the Administrative Office of the United States (Doc. No. 81). He states that he objects to the "denials, dismissals, without prejudice, and as well as the de novo in this cases." *Id.* It is not clear what relief Pitts seeks in this motion.

Sixth, Pitts filed a motion discussing the appointment of magistrate judges (Doc. No. 81). He states again that he objects to the "denials, dismissals, without

prejudice, and as well as the de novo in this [sic] cases." *Id.* It is not clear what relief Pitts seeks in this motion.

Finally, Pitts filed a "Motion for Objection the Magistrate Judge and United States Circuit Judge Denials, Dismissals, Decisions Without Prejudice to an De Novo" (Doc. No. 84). Once again, it is not clear what relief Pitts seeks in this motion.

### III.    Conclusion

Because Pitts' IFP status has been revoked, and he has not timely paid the $405 filing and administrative fees, the Court recommends:

(1)    that this case be DISMISSED without prejudice;

(2)    that all pending motions and appeals be DENIED as MOOT; and

(3)    that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

SO RECOMMENDED this 26th day of September, 2024.

_____
UNITED STATES MAGISTRATE JUDGE